IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | No. 3:18-cr-00616-MO-1 |
| **DARRELL PRINCE,** | OPINION AND ORDER |
| Defendant. | |

**MOSMAN, J.,**

This matter comes before me on Defendant Darrell Prince's Motion to Reduce Sentence [ECF 84]. Specifically, Mr. Prince moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mot. to Reduce Sentence [ECF 84] at 1. For the following reasons, I DENY the motion.

### DISCUSSION

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). "For a § 3582(c)(1)(A)(i) motion filed by a defendant, courts currently consider (1) whether 'extraordinary and compelling reasons warrant such a reduction'; and (2) 'the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Keller*, __ F. 4th __, Nos. 20-50247, 21-50035, 2021 WL 2695129, at *5 (9th Cir. July 1, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (explaining that "the

1 – OPINION AND ORDER

Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant."). An adverse finding on either consideration precludes relief. *See Keller*, 2021 WL 2695129, at *5 ("[A] district court that properly *denies* compassionate release need not evaluate each step."). A defendant must exhaust administrative remedies before moving the court for compassionate release. *Id.* at *3–4.

The Government concedes that Mr. Prince has exhausted his administrative remedies. Gov't Resp. [ECF 87] at 3. This matter is therefore properly before me.

Mr. Prince argues that he is an appropriate candidate for compassionate release because he suffers from various medical conditions that increase his risk of serious illness or death from COVID-19. Mot. to Reduce Sentence [ECF 84] at 1. He claims that FCI Victorville, where he is incarcerated, "has been experiencing a large-scale outbreak, with dozens of active cases of COVID-19 among prisoners and staff." *Id.* He notes that he previously tested positive for the virus. *Id.*

The Government argues that Mr. Prince has not established that an extraordinary and compelling reason warrants a sentence reduction. Gov't Resp. [ECF 87] at 3–5. The Government largely relies on the fact that Mr. Prince has received two doses of the Moderna vaccine and is now fully vaccinated. *Id.*; *see also* Ex. to Gov't Resp. [ECF 92] at 31, 45–46.

Considering the totality of the briefing and evidence before me, I agree with the Government's position for two reasons. First, even though Mr. Prince suffers from serious medical conditions, the vaccine that he received has so far proven to be highly effective at preventing severe illness and death. *See When You've Been Fully Vaccinated*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last updated June 17, 2021) ("COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe

illness and death."). Second, Mr. Prince is incarcerated at FCI Victorville, which is currently reporting zero active COVID-19 cases among inmates at Victorville Medium I, and only one active COVID-19 case among inmates at Victorville Medium II. *COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated July 7, 2021) (click "Full breakdown and additional details . . ." under "COVID-19 Cases"). Accordingly, I find that no extraordinary and compelling reason warrants a reduction in Mr. Prince's sentence, and relief under 18 U.S.C. § 3582(c)(1)(A)(i) is therefore inappropriate.

## CONCLUSION

For the foregoing reasons, I DENY Mr. Prince's Motion to Reduce Sentence [ECF 84].

IT IS SO ORDERED.

DATED this 8th day of July, 2021.

MICHAEL W. MOSMAN
United States District Judge